(Republished)

■   JOHN A. STEPHEN, Formerly Known as HANS AUGSTEIN, et al., Plaintiffs, v. ZIVNOSTENSKA BANKA, NATIONAL CORPORATION, Defendant, EDWIN B. WOLCHOK, as Permanent Receiver, Respondent, and ALEXANDER SLATER et al., Appellants. JOHN A. STEPHEN, Formerly Known as HANS AUGSTEIN, et al., Plaintiffs, v. ZIVNOSTENSKA BANKA, NATIONAL CORPORATION, Defendant, KITTY HECHT et al., Appellants, and EDWIN B. WOLCHOK, as Receiver, Respondent. — Order entered on July 22, 1965, as amended by order entered on September 21, 1965, granting interim allowances and appointing Referee to take the interim account of the permanent receiver unanimously reversed on the law and the facts and in the exercise of discretion, without costs or disbursements to any party, and the matter remitted to Special Term for the entry of an order in accord with this memorandum. The matter before the court is the liquidation of the assets in New York of defendant, a foreign banking institution. A temporary receivership pursuant to then section 977-b of the Civil Practice Act was directed in May, 1952. In July, 1956 the receivership was made permanent. In July, 1958, Henry Shuman was appointed Referee to pass on claims to securities and funds held by New York banks for defendant. The hearings were extensive and embraced many questions of law. The report of the Referee was confirmed after several appeals. However, in the 13 years that have elapsed since the institution of this proceeding, no creditor has been paid, nor has his claim been adjudicated. We believe that this receivership has extended an inordinate length of time and should wind up with as great expedition as is consistent with resolution of the questions involved. Under these circumstances the appointment of a new Referee, while probably not technically objectionable, was an abuse of discretion. The Referee originally appointed has become familiar with the questions involved and should be best equipped to make a prompt disposition of the matter. We so indicated on the hearing of a prior appeal herein. No positive direction was given because at that time it was not known whether there was any objection to the original Referee. We further believe that the withholding of all interim fees in this matter will have a salutary effect on the expedition with which it will reach a conclusion. An exception may be noted for the bill for reporting services.

The Referee should proceed forthwith to the hearing on the receiver's account, which will include all claims by creditors and for administration expenses. Hearings should be on proper notice and as continuous as feasible. The Referee will report to whatever Justice is holding Special 'Term, Part I, at the time. Special Term should settle an order accordingly. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.